# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
ALLIED WORLD SURPLUS LINES    )
INSURANCE COMPANY,            )
                              )
            Plaintiff,        )
                              )
      v.                      )   1:24CV942
                              )
EAGLE EYE SECURITY INC. and   )
PELEUS INSURANCE COMPANY,     )
                              )
            Defendants.       )
```

## MEMORANDUM OPINION AND ORDER

This case comes before the Court on Defendant Eagle Eye Security Inc.'s Motion for Extension of Time (Docket Entry 29 ("Extension Motion")), which Plaintiff has opposed (see Docket Entry 30). For the reasons that follow, the Court will grant the Extension Motion and will extend the deadline for Defendant Eagle Eye Security Inc. ("EESI") to respond to Plaintiff's First Set of Interrogatories and Requests for Production to June 23, 2025.

## BACKGROUND

After commencing this case on November 12, 2024, by filing a Complaint (Docket Entry 1), Plaintiff waited more than a month to obtain summonses for Defendants EESI and Peleus Insurance Company ("PIC") (see Docket Entries 4, 4-1). Despite serving Defendant EESI on December 23, 2024, Plaintiff delayed until January 10, 2025, to file proof of service. (See Docket Entry 6.) For

Defendant PIC, Plaintiff made service on December 30, 2024, but did not file proof of service for a month. (See Docket Entry 11.)

As reflected by Docket Text accompanying that last filing, Defendant PIC's deadline to answer passed on January 21, 2025 (the first business day after the passage of 21 days from service of process). See Fed. R. Civ. P. 12(a)(1)(A)(i) (allowing 21 days after service of process for answer); see also Fed. R. Civ. P. 6(a)(1)(C) ("[I]f the last day [of a time period set by the Federal Rules of Civil Procedure] is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."). Plaintiff, however, agreed (without judicial authorization) to "allow [Defendant PIC] until February 24, 2024 [sic] to file its answer." (Docket Entry 15 at 1.) The Court only learned of that unauthorized agreement on February 21, 2025, when Plaintiff responded to a letter from the Clerk (of that same day) noting that the "docket reflect[ed] that Defendant [PIC's] answer to the [C]omplaint was due January 21, 2025" (Docket Entry 14 at 1), but that "an answer ha[d] not been filed by Defendant [PIC] and the [C]ourt ha[d] not received any correspondence from [Plaintiff]" (id.).

Once Defendant PIC finally filed its Answer (Docket Entry 18; see also Docket Entry 12 (Answer of Defendant EESI)), the Clerk noticed the Initial Pretrial Conference (see Docket Entry 22). The parties thereafter filed a Joint Rule 26(f) Report (Docket Entry

-2-

24), which the Court (per the undersigned Magistrate Judge) adopted (see Text Order dated Apr. 1, 2025), establishing a discovery start-date of April 1, 2025 (see Docket Entry 24 at 1) and a discovery end-date of December 15, 2025 (see id. at 2). Although Plaintiff could have prepared interrogatories and document requests anytime in the four-plus months following the filing of its Complaint and could have served document requests on Defendant EESI as far back as January 13, 2025, see Fed. R. Civ. P. 26(d)(2)(A), Plaintiff waited more than three weeks after the formal start of discovery (until April 23, 2025) to e-mail its "first set of discovery requests for . . . [Defendant EESI]" (Docket Entry 29-1 at 1), with "[h]ard copies [to] follow by regular mail" (id.).

The next day, Defendant EESI's counsel asked if Plaintiff would "agree[] to a thirty day extension." (Docket Entry 29-2 at 3.) Plaintiff's specially appearing counsel from New York, Guyon Knight of Mound Cotton Wollan & Greengrass LLP, responded by demanding that Defendant EESI's counsel "explain why [her client] need[ed] 60 days to answer these [discovery requests.]" (Id. at 2; see also Docket Entry 13 (Knight's Notice of Special Appearance).) Defendant EESI's counsel replied as follows:

> I have numerous other hearings and items within the next 30 days that need my attention. In addition, my client is a small business and will likely need additional time to do a thorough search for all the documents requested. While I would aim to have these to you as soon as they are complete, I wanted to avoid a request on the eve of any deadline.

(Docket Entry 29-2 at 2.)  Mr. Knight (copying Plaintiff's other counsel of record, Marie Lang and Keith Coltrain of Wall Templeton & Haldrup, P.A.) declined to consent to the requested extension with this rejoinder:

> I am certainly sympathetic to everyone's calendars, but we all have other matters on our desks and 30 days is already a very long time to provide written responses and objections to these requests.  The need to search for and collect documents doesn't need to hold up the provision of written responses.  Please circle back when we're closer to the deadline if you believe a small extension is necessary so we can consider.

(Id.)

Consistent with Mr. Knight's direction, Plaintiff's counsel waited until the discovery response deadline came near and then (on May 23, 2025) provided an update that she was "still working on obtaining documents regarding [Plaintiff's] discovery [requests]" (Docket Entry 29-3 at 2) and asked "whether [Mr. Knight] c[ould] agree to an additional 30 days for [Defendant EESI] to respond" (id.).  Mr. Knight (again copying Ms. Lang and Mr. Coltrain) answered that he "continue[d] to not be sure why additional time [wa]s required" (id.) and only "agree[d] to a one-week extension" (id.), because "a 30-day extension would put [them] way behind on the schedule in this litigation" (id.).  Defendant EESI's counsel expressed befuddlement about "why this [wa]s a point of contention" (id. at 1), offered "to discuss the extension request . . . [on] a call" (id.), and reiterated that, "[a]s [she] said previously,

[her] client is a small business and as expected it took them some time to gather documents to respond to [Plaintiff's] request for production of documents" (id.). Mr. Knight (once more copying Ms. Lang and Mr. Coltrain) closed the conversation with this message:

> I've agreed to an extension for the written responses if you would like a full week until June 2, I can agree to that. 60 days to provide just written responses to requests for production and interrogatories is a considerable portion of our discovery period. That would mean we are waiting for two months to even begin discussions about any objections to the written requests and are jeopardizing our ability to resolve any disputes in a timely manner, schedule depositions, and prepare adequately for any mediation. I can't agree to such an extension.

(Id.)

That same day, Defendant EESI filed the Extension Motion (see Docket Entry 29 at 3), "request[ing that] the Court enter an order extending the time to respond to [Plaintiff's] discovery requests from May 24, 2025, up to and including June 23, 2025" (id. at 2), noting that Plaintiff consented only to an additional "week for written discovery responses" (id.). The Court (per the undersigned Magistrate Judge) "temporarily grant[ed] in part [the Extension] Motion, [by extending] the deadline for Defendant [EESI] to respond to pending discovery requests . . . until at least 06/02/2025, pending a final ruling on [the Extension] Motion, and [also] shorten[ed] the response deadline as to [the Extension] Motion to 05/27/2025." (Text Order dated May 25, 2025.) Plaintiff timely responded in opposition. (See Docket Entry 30.)

DISCUSSION

Parties generally may take 30 days to respond to interrogatories and document requests, but they may stipulate to a longer period and the Court may extend the period. See Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A); see also Fed. R. Civ. P. 6(b)(1) ("When an act may or must be done within a specified time, the [C]ourt may, for good cause, extend the time . . . if the [C]ourt acts, or if a request is made, before the original time or its extension expires . . . ."). The North Carolina Rules of Professional Conduct – which this Court has adopted as its own "Code of Professional Responsibility," M.D.N.C. LR 83.10e(b) – further direct that, "[a]s professional colleagues, lawyers should . . . foster civility among members of the bar by acceding to reasonable requests that do not prejudice the interests of the client . . . ." N.C. R. Pro. Conduct 0.1(13); see also id. ("Although a matter is hotly contested by the parties, a lawyer should treat opposing counsel with courtesy and respect. . . . A lawyer, moreover, should provide zealous but honorable representation without resorting to unfair or offensive tactics.").

Additionally, by Local Rule, "this Court has directed 'counsel . . . to cooperate and be courteous with each other in all phases of the discovery process.'" Kinetic Concepts, Inc. v. ConvaTec Inc., 268 F.R.D. 226, 242 (M.D.N.C. 2010) (emphasis omitted) (quoting M.D.N.C. LR 26.1(b)(1)). That Local Rule (like all

-6-

others) "shall be interpreted and applied to foster civility in the practice of law before this Court . . . ." M.D.N.C. LR 1.1. In like fashion, the commentary to the Federal Rules of Civil Procedure provides (A) that parties and their counsel bear "an affirmative duty to engage in pretrial discovery in a responsible manner that is consistent with the spirit and purposes of Rules 26 through 37 [of the Federal Rules of Civil Procedure]," Fed. R. Civ. P. 26 advisory committee's notes, 1983 Amendment, Subdivision (g), and (B) that "the spirit of th[ose] rules is violated when advocates attempt to use discovery tools as tactical weapons," Fed. R. Civ. P. 26 advisory committee's notes, 1983 Amendment.

"Despite the[se] unambiguous dictates . . . requir[ing] attorneys to conduct discovery in a cooperative fashion, courts continue to find that 'hardball discovery is still a problem in some cases.'" Kinetic Concepts, 268 F.R.D. at 243 (internal brackets and ellipses omitted) (quoting Network Computing Servs. Corp. v. Cisco Sys., Inc., 223 F.R.D. 392, 395 (D.S.C. 2004)). Such conduct harms "our system and consumes an inordinate amount of judicial resources." Network Computing, 223 F.R.D. at 395.

Here, Plaintiff has failed to show any valid ground for the Court to question the representations by Defendant EESI's counsel, as an officer of the Court, that she "made a good faith attempt to respond to the[se] discovery [requests]" (Docket Entry 29 at 2), but needs the requested extension "to provide a meaningful

response" (id.; see also id. (proffering that Defendant EESI's counsel continues to "receiv[e] documents from [Defendant EESI]")). (See Docket Entry 30 at 2 (citing inapposite authority to support conclusory argument against finding of good cause), 3 (illogically suggesting that Defendant EESI, a corporate entity, could respond to interrogatories without gathering documents, because interrogatories "seek information known to [Defendant EESI]," mistakenly contending that supplementation requirement in Federal Rule of Civil Procedure 26(e) obviates need for thorough investigation in advance of response to discovery requests, quoting Federal Rule of Civil Procedure 34(b)(2)(B) for proposition that Defendant EESI could "produce documents after responding to the [document] requests, so long as the date of production is 'another reasonable time specified in the response,'" while ignoring the fact that Defendant EESI's counsel may need to gather and to review documents in order to include proper objections in Defendant EESI's response, and relying on fact that Defendant EESI "has been on notice of its need to collect documents since it filed its [A]nswer," but failing to grapple with the facts both that Defendant EESI did not know until service of Plaintiff's actual document requests what documents to collect and that Plaintiff delayed long past the time it could have served those document requests (emphasis omitted)).)

Nor (given the length of time left in the discovery period) can Plaintiff show any prejudice from the requested extension. Furthermore, the Court regularly receives similar extension requests and the undersigned Magistrate Judge can only recall two or three occasions in more than 15 years of handling such matters when an attorney opposed a first 30-day extension of time to respond to written discovery requests. Consistent with that experience, other courts have deemed motions of this sort routine and unworthy of contest. See Martin Eng'g Co. v. CVP Grp., Inc., No. 06C4687, 2006 WL 3541777, at *1-2 (N.D. Ill. Dec. 7, 2006) (unpublished) (citing judicial condemnations of "practice of refusing reasonable requests for extensions of time" and ruling that the defendant's extension "request was reasonable, [but] the plaintiff's response (and ensuing written objection) quite the opposite [because it] needlessly required the expenditure of time that could have been more profitably utilized"); Scotch Game Call Co. v. Lucky Strike Bait Works, Ltd., 148 F.R.D. 65, 66 (W.D.N.Y. 1993) ("As is not unusual in this district, [the d]efendant was unable to respond to the discovery requests within the time allowed under the rules."); see also Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253, 1259 (9th Cir. 2010) (ruling that, under Federal Rule of Civil Procedure 6(b), "requests for extensions of time made before the applicable deadline has passed should 'normally be granted in the absence of bad faith on the part of the party seeking relief or

prejudice to the adverse party'" (internal ellipsis omitted) (quoting 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1165 (3d ed. 2004))).[1]

CONCLUSION

Good cause exists for Defendant EESI's requested extension. The Court encourages all counsel to avoid future disputes of this type, while moving this case forward to resolution according to the case-management deadlines to which they agreed. See Marcangelo v. Boardwalk Regency, 47 F.3d 88, 90 (3d Cir. 1995) ("The extension of normal courtesies and exercise of civility expedite litigation and are of substantial benefit to the administration of justice.").

**IT IS THEREFORE ORDERED** that (A) the Extension Motion (Docket Entry 29) is **GRANTED,** and (B) Defendant EESI shall serve any responses to Plaintiff's First Set of Interrogatories and Requests for Production by June 23, 2025.

/s/ L. Patrick Auld
**L. Patrick Auld
United States Magistrate Judge**

May 28, 2025

---

[1] In fact, courts have sanctioned attorneys for unwarranted opposition to reasonable extension requests. See, e.g., Scotch Game, 148 F.R.D. at 67-68 (explaining rationale for sanctions under 28 U.S.C. § 1927 as follows: "There can be no serious question that [the p]laintiff's attorneys' conduct here unreasonably multiplied the proceedings and was in bad faith. [The p]laintiff's counsel refused what the record shows to be a reasonable request for an extension of time, forced opposing counsel to file a motion for an extension, . . . and forced the court to rule on an unnecessary motion. Such conduct cannot be condoned.").